versus Wright. Mr. Carlson. Hey, please the court. My name is Ken Carlson and I represent Harvey Wright. I want to start out by acknowledging that the below guideline sentence that my client received is presumed to be reasonable and that the burden is upon us to show that the sentence that Judge Durkin imposed was not reasonable. And my argument is that although it was a below guideline sentence, Judge Durkin clearly relied on the location of the properties, Mr. Wright's status as a lawyer, as well as the sophistication of the scheme in arriving at not only the guideline sentence, but a below guideline sentence. It is our position that had he not improperly relied on those factors, the below guideline sentence he imposed would only have gone lower. In making that argument, it is clear and Judge Durkin plainly stated that he found all three of those to be aggravating factors in arriving at the sentence that he imposed. The one thing that I want to make clear to the court, because as I prepared for argument, it wasn't entirely clear from my brief. The location of the properties that Judge Durkin considered as part of the sophistication of the scheme. And so that really falls into that argument. It is clear that Judge Durkin, after he properly considered the sentencing guideline range, imposing the abusive position of trust for Mr. Wright's status as a lawyer, and the again and again and again, in the 3553 analysis, and it is our position that that was improper. Why? The judge is entitled to assess weight during the 3553A analysis. It's completely discretionary and the judge can assign whatever weight he wishes to the aggravating and mitigating factors. It's clear that the neighborhoods is a valid aggravator, as is your client's status as a lawyer and therefore educated and able to swindle people based on his training as a professional licensed lawyer. Nothing wrong with that. I think this court in United States versus Bradley found that that was inappropriate to that was already considered in arriving at the advisory guideline range, again, without anything further in imposing the sentence. And I think that's exactly what this court said in Bradley. What this court said was improper in Bradley is exactly what Judge Durkin did here. Additionally, to make it worse. And what was the fact in Bradley? In Bradley, it had to do with an enhancement in a sex case as to whether a sex act was actually completed. And this court, to the extent that the district court relied on commission of the sexual act when calculating its sentence, an element not required for a conviction, Bradley's base offensive level is increased by two points pursuant to the guidelines for the commission of a sex act. So what the court seemed to rely upon for the sentence imposed was a factor already properly factored into the properly guideline sentence? It was not. And I am suggesting that it should not matter. Bradley was not an above guideline sentence? I think that principle applies to essentially, for lack of a better word, a double counting principle. If you go above and based on a factor that's already accounted for in the guidelines range, we're going to look at that closely. This judge went below, substantially below. And I don't think it should matter, quite honestly, whether it's a below guideline sentence or above guideline sentence if it's a factor that shouldn't be considered again, a factor that's already been considered. It matters a great deal. The judge is using it to go above the guidelines as opposed to talking about it in evaluating the substantially below guidelines sentence. The court has nothing further. Was he fined? There was not a fine, Judge. There was restitution. Yes. How much? Off the top of my head, Judge, I don't recall the exact amount of restitution it was. Okay, that's $500,000. It was $261,000 to one lender and $133,000 to another. Okay, thank you very much, Mr. Carlson. Mr. Harjani? Thank you, Your Honor. May it please the court, good morning, Sunil Harjani for the United States. Your Honor, the defendant received a sentence of 34 months that was below guidelines and is presumed reasonable on appeal. There is no dispute the relevant 3553 factors were considered, including defendant's arguments and mitigation. The real contention here is that the court weighed the factors in a way that the defendant does not like, but that is not error. The defendant claims that the court gave emphasis on certain facts in its 3553 analysis. They were also used to calculate certain guideline enhancements. Nothing in the statute, this court's case law, or the guidelines suggest this is improper. Defendant has not provided this court with any. In fact, proper consideration of the 3553 factors are by necessity going to include some of the facts that were used for guideline enhancements, such as sophisticated means and the abuse of trust enhancement, which was the case here. Defendant brought up the case of Bradley. Bradley does not stand for the proposition he's advanced. The guideline range in Bradley was 57 to 71 months. The court imposed a sentence of 240 months. The issue there was whether the court made particularized, individualized analysis of the facts of the case to support that great departure. That is all that Bradley really stands for. In addition, the argument that the defendant advances here, the exact same argument, was actually rejected by this court in United States v. Enriquez-Gil. There the court said there is no double counting or multiple counting argument when it were also used for 3553. They're also used for guideline enhancements. In fact, that is the very nature of the statutory requirements to consider all the facts of the case, whether or not it was used in a guideline enhancement or not. If there are no further questions, Your Honor, I'd ask that you confirm the sentence below. Thank you, Mr. Harjani. Mr. Carlson, do you have anything further? Nothing further, Your Honor. Okay. Well, thank you very much. Both counsel.